UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONAVEN MARKUS CARRASCO,

               Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

               Defendants.

CASE NO. C26-5417 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Donaven Markus Carrasco's 109 page "ex parte omnibus motion for emergency temporary restraining order and preliminary injunction and notice of removal pursuant to 28 U.S.C. § 1442(a)(1) & 28 U.S.C. § 1455." Dkt. 5.

District Court Judge Tiffany Cartwright denied Carrasco's initial "emergency petition to vacate competency evaluation" and for various other relief, Dkt. 1, because it was not accompanied by a complaint, because he could not establish that he was likely to succeed on the merits of his unidentified claim, and because he appeared to be asking this Court to interfere with an ongoing state criminal investigation. Dkt. 2. Judge Cartwright also ordered Carrasco to file a complaint and to properly open a civil case by May 12.

ORDER - 1

Carrasco has since filed this motion and an application to proceed *in forma pauperis*,[1] Dkt. 6, but he has not filed a complaint.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a

---

[1] Carrasco alleges he is currently employed, netting $3200 per month. Leaving aside that he does not appear to be indigent, he has not stated a plausible claim.

ORDER - 2

plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

A TRO's purpose is to preserve the status quo and prevent irreparable harm just so long as is necessary to hold a hearing on the preliminary injunction application, and no longer. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). When considering whether to grant this "extraordinary remedy, . . . courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

Carrasco's filing is difficult to follow. He alleges he is employed by the United States Postal Service, and that on April 5, he was "kidnapped by Washington State Troopers from Federal Enclave in violation of the Supremacy Clause," which "caused a criminal obstruction of mails (18 U.S.C. § 1701)." Dkt. 5 at 1. It appears he contends that as a federal employee, he is immune from state law, that the State had no authority or jurisdiction to apprehend him (apparently for reckless driving, after what he describes as a "hot pursuit") while he was on federal property (at work), and that the state has no jurisdiction to prosecute him. *Id.* at 6. Carrasco seeks to remove the underlying state

criminal proceeding here under the "federal officer removal" statute, 28 U.S.C. § 1442, asserting that he is a "federal employee facing state prosecution for acts occurring while on duty," making "federal jurisdiction mandatory." *Id*. at 7.

The remainder of his filing is equally without arguable substance in law or fact, referencing the "ghost witness doctrine," "zombie records," and asserting that the state court's actions in his criminal prosecution are "void *ab initio*" because he is a federal employee. Dkt. 5. He asks the Court to assume jurisdiction and enjoin the state court proceedings.

Carrasco has failed to state a plausible or even a rational claim. He has not articulated and cannot articulate facts supporting his erroneous legal theory that his status as a federal employee makes him immune from state law. He has not shown that he is likely to succeed on the merits of any claim, or that any other *Winter* factor supports an injunction.

Carrasco has not filed a complaint, and the time for doing so has passed. He has not stated and cannot state a plausible claim. His application to proceed *in forma pauperis*, Dkt. 6, is **DENIED**. His emergency motion for injunctive relief, Dkt. 5, is **DENIED**. His effort to remove his criminal case here is ineffective, and this case is **DISMISSED**. Because Carrasco cannot cure the defects in his filing, the dismissal is with prejudice and without leave to amend.

The Clerk shall enter a **JUDGMENT** and close the case.

//

//

ORDER - 4

**IT IS SO ORDERED**.

Dated this 13th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5