UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONAVEN MARKUS CARRASCO,

Plaintiff,

v.

STATE OF WASHINGTON, et al.,

Defendants.

CASE NO. C26-5417 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Donaven Carrasco's renewed[1] "omnibus petition for emergency mandatory federal criminal case removal and emergency restraining order, preliminary injunction, and permanent writ of prohibition," Dkt. 9.

Carrasco again attempts to remove to this Court his state law prosecution (apparently for reckless driving), asserting that he has an "absolute right" to do so under

[1] The Court denied Carrasco's substantially similar motion and his attempted 28 U.S.C § 1422(a) removal of his apparently ongoing state law prosecution, and dismissed this case with prejudice, yesterday. Dkts. 7 and 8. Carrasco re-filed a slightly revised version of his motion as a new case, but he has still failed to file a complaint. The Court addresses the motion in this case because it is functionally identical to his prior motion.

ORDER - 1

the "federal officer removal statute," 28 U.S.C. §1442(a)(1). He contends that he is a postal employee and that he was arrested on post office grounds, and that his pursuers thus criminally interfered with the U.S. Mail. Dkt. 9.

But removal of a civil or criminal action against a federal officer requires much more than the assertion that one is a federal employee.

Section 1442(a) generally provides that any person acting under an officer or agency of the United States may remove an action to federal court when he is sued or prosecuted for acts taken under his federal authority, and where that person can assert a "colorable federal defense." *County of San Mateo v Chevron Corp*., 32 F.4th 733 (9th Cir. 2022); *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

Carrasco has not articulated the circumstances surrounding the "hot pursuit," his arrest, or his prosecution. The state court attachments to his filing suggest that his criminal case has been pending since April 2024. Dkt. 9 at 26. But § 1455 requires a federal officer to exercise any removal right within 30 days of arraignment, making his removal procedurally defective even if he was otherwise entitled to remove the state court prosecution.

Nor has Carrasco alleged or demonstrated that he was acting in a federal capacity when he engaged in whatever conduct led to the chase, or his arrest and prosecution, and he has not described a colorable "federal defense" to any such charges. Indeed, the records he attaches demonstrate that he has been ticketed at least ten times for speeding, reckless driving or using a modified exhaust in the past four years. Dkt. 9 at 25. It does

ORDER - 2

not seem likely these acts were done in Carrasco's official federal capacity, or that he could plausibly assert a federal defense to those charges.

Instead, Carrasco contends state troopers engaged in "armed trespass" when they entered the "federal enclave" to arrest him. If and to the extent he contends that a federal employee cannot be arrested by state officers or prosecuted in state court for committing state crimes, he is mistaken. The renewed motion, Dkt. 9, is **DENIED**. The state court criminal action against Carrasco is NOT removed to this Court.

Other than a Notice of Appeal, the clerk shall file on the docket, but *shall not note for hearing*, any further filings in this closed case.

The case remains closed.

**IT IS SO ORDERED**.

Dated this 15th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3